[No. 9868.  Department Two.  January 10, 1912.]

ANNA PETERSON, *Appellant*, v. J. W. WHEELER,
*Respondent*.[1]

JUDGMENT—ACTION TO VACATE—NECESSARY PARTIES—DEFENDANTS
—PURCHASERS.  Where property was attached and sold under a judgment alleged to be fraudulent and void, the purchasers at the sale are indispensable parties to an equitable action to set aside and vacate the judgment.

JUDGMENT—RES JUDICATA—PARTIES AND PRIVIES.  In an action by grantees acting merely as trustees of judgment debtors, brought against the purchasers of the property at execution sale to set aside the judgment and sale as fraudulent and void, a judgment quieting the title of the purchasers is *res judicata* as far as the title to the property is concerned, and bars a subsequent action by the judgment debtors against the judgment creditors to set aside the judgment, which was satisfied by the execution sale.

APPEAL—REVIEW—PLEADINGS—AMENDMENTS.  In an equity case, a defective plea of *res judicata* will be deemed amended on appeal to conform to proof.

Appeal from a judgment of the superior court for King county, Gay, J., entered June 10, 1911, dismissing an action to vacate a judgment, after a trial on the merits before the court.  Affirmed.

*H. E. Foster*, for appellant.

*Byers & Byers*, for respondent.

ELLIS, J.—This action was commenced in November, 1909, by appellant as plaintiff against respondent as defendant, to vacate a judgment entered in the superior court for King county on April 24, 1901, in an action by respondent as plaintiff against the appellant as defendant, being cause number 31,502, of the records of the superior court for King county.

The complaint is voluminous, but in effect alleges that,

[1]Reported in 120 Pac. 83.

on or about February 21, 1901, the appellant was, and has ever since been, a resident of Moline, county of Rock Island, state of Illinois; that the respondent, for the purpose of defrauding the appellant, commenced an action against appellant and her husband (cause number 31,502), and wrongfully filed therein a false and fraudulent affidavit and had issued thereon a writ of attachment; that the complaint in that action was false, fraudulent, and insufficient to sustain any judgment; that service was made upon the appellant by publication of summons, based upon an affidavit of nonresidence, which was false, fraudulent and insufficient to give the court jurisdiction, and that the action was wrongfully prosecuted and a judgment wrongfully procured against appellant. Copies of the complaint, affidavit for attachment, affidavit for publication of summons, and judgment are attached to the complaint and made parts thereof. The complaint prays that the judgment be declared void, and that the respondent and all persons claiming through him be enjoined from claiming under the judgment. The complaint makes no reference to any sale of the property attached.

The answer denies the allegations of the complaint, except that the suit was commenced, prosecuted to judgment, and property of appellant attached and sold. The answer also sets up four affirmative defenses: (1) That, at the time the original action was brought, the appellant here was the wife of one John Peterson, and that he is not a party to this action; (2) that this action was not brought within the time limited by law; (3) that the judgment in cause number 31,502 was, on June 1, 1901, fully satisfied and that there is now no judgment of record in that action against the appellant or her husband; and (4),

"That on or about November 22, 1907, the said plaintiff parted with all her right, title, claim and interest in and to the said property and every part thereof, and that thereafter and on or about January 29, 1908, her successor in interest in said property, C. S. Wangelin and wife, brought suit in

the superior court of King county, state of Washington, against A. Soutar and others, which suit is cause No. 59,699 of the causes of this court. That thereafter such proceedings were had that the defendants in said action duly appeared and a trial was had, and the superior court of King county, Washington, adjudged and decreed that all the proceedings in cause No. 31,502, being the action brought by this defendant against the plaintiff and her said husband here, be declared legal, valid and binding, and that, by reason of the fact that the plaintiff in this action has parted with all her right, title, and interest in said land, the decree of this court in cause No. 59,699 is binding on the above named plaintiff."

A demurrer was interposed to each of these affirmative defenses, but the transcript fails to show that this demurrer was ever in any manner passed upon by the court. In the briefs, however, it seems to be admitted that it was heard by Honorable Mitchell Gilliam, one of the judges of the superior court for King county, and sustained as to all except the third affirmative defense, as to which it was overruled. The reply denies the allegations of the third affirmative defense, and sets up affirmatively a levy of the attachment upon, and a sale of, a certain described five acres of land, in King county, under color of judicial process pursuant to the judgment in cause number 31,502, which is again alleged to have been fraudulently obtained. The trial was had before Honorable Wilson R. Gay, another judge of the superior court for King county, and judgment rendered in favor of respondent and against the appellant, dismissing the action. Thereupon this appeal was taken.

The judgment roll in cause number 31,502 was introduced in evidence. It shows that, in that suit, an attachment was levied upon the five acres of land described in the appellant's reply, which it is conceded then belonged to the appellant, and that this land was, on June 1, 1901, sold to one Anna P. Soutar, by the sheriff of King county, under the attachment in full satisfaction of the judgment. The sale was confirmed on June 2, 1902.

A court of equity will look straight to the ultimate effect of a bill, rather than to its naked allegations. The manifest purpose of the action before us was to attack this sale by vacating the judgment upon which it was based. The purchaser at that sale and those claiming under her are now the real adverse parties in interest. They are necessary parties to any valid decree in this action. It would be an idle thing to render a decree vacating the judgment which has been satisfied by the sale. Such a decree would have no binding force or effect, as against the purchaser under that judgment, or those claiming under her. This is a proceeding in equity, and before their title will be clouded by any decree, they are entitled to a hearing. They may have a complete defense in the seven-year statute of limitations, laches, other matter of estoppel, or some other defense, which might not be available to the original judgment creditor. A court of equity will never proceed to a determination of issues when it becomes apparent that the rights of persons not parties to the suit are necessarily involved. Such parties must either be brought in or the action will be dismissed.

In the case before us, it became manifest, from admissions of counsel for appellant and from the evidence, that, if the purchaser at the attachment sale had been made a party, the suit could not be maintained. The judge before whom the cause was tried evidently entertained grave doubt as to the correctness of the prior ruling sustaining the demurrer to the fourth affirmative defense above quoted. He admitted evidence in support of that defense. The evidence showed that the appellant, in January, 1907, conveyed the five acres of land in question to one Harry McCaskren. There was evidence tending to show that McCaskren was then attorney for appellant. It was admitted by counsel for appellant, at the time this deed was offered in evidence, that McCaskren held the title only in trust. Though not in evidence, it was, also, at that time stated by counsel for appellant that McCaskren deeded the land to one Charles S.

Wangelin, and at the same time appellant introduced in evidence a deed dated January 31, 1910, from Wangelin and wife conveying the property back to the appellant.

The respondent also introduced in evidence findings of fact, conclusions of law and a decree in a suit to recover possession of the land brought by Wangelin and wife, in the superior court of King county (cause number 59,699), against Andrew Soutar, grantee of Anna P. Soutar, the purchaser under the judgment here attacked, and one A. M. Lee, who held a contract to purchase the land from Andrew Soutar. These findings were made in September, 1908, and sustained the right of Soutar and Lee to the land and found the sale in the original attachment suit brought by the respondent against the appellant and her husband a valid sale. The decree quieted the title in Soutar and Lee. The evidence and admissions of counsel in the case before us make it plain that McCaskren and Wangelin were acting merely as trustees for the appellant, and that the suit of Wangelin v. Soutar and Lee was actually brought in the interest of the appellant here. The decree in that case is, therefore, *res adjudicata*, so far as the title to the land is concerned. If *res adjudicata* was not sufficiently pleaded in the fourth affirmative defense, it was at all events sufficiently proved. This being a trial *de novo*, the pleading will be deemed amended to conform to the proof. On the whole record, we are satisfied that the court committed no error in dismissing the action.

The judgment is affirmed.

DUNBAR, C. J., CHADWICK, CROW, and MORRIS, JJ., concur.